RE: OPEN RECORDS ACT REQUIREMENTS
ATTORNEY GENERAL HENRY HAS AUTHORIZED ME TO RESPOND TO YOUR RECENT INQUIRY CONCERNING THE MANDATES OF THE OPEN RECORDS ACT. YOU INQUIRE AS TO HOW THEY MIGHT IMPACT UPON PUBLIC DISCLOSURE OF LETTERS RECEIVED BY THE BOARD PERTAINING TO OBJECTIONS THAT CITIZENS OF THE STATE MIGHT HAVE TO PAROLING INDIVIDUALS FROM PENAL INCARCERATION. AS YOUR LETTER IS A PERSONAL LETTER, AND NOT A FORMAL REQUEST FROM THE BOARD FOR AN OFFICIAL OPINION, A REQUIREMENT OF THIS OFFICE FOR AGENCIES GOVERNED BY COLLEGIATE BOARDS, YOUR LETTER IS ANSWERED THROUGH THIS INFORMATIONAL RESPONSE.
UNDER THE TERMS OF THE OPEN RECORDS ACT, 51 O.S. 24A.1 (1987), ET SEQ., ALL RECORDS OF PUBLIC BODIES AND PUBLIC OFFICIALS ARE GENERALLY REQUIRED TA BE OPEN TO ANY PERSON FOR INSPECTION, COPYING AND/OR MECHANICAL REPRODUCTION DURING REGULAR BUSINESS HOURS. 51 O.S. 24A.5 (1987). SEVERAL EXCEPTIONS TO THIS GENERAL RULE ARE SET FORTH IN THE ACT, ONE OF WHICH DOES APPEAR TO IMPACT UPON YOUR QUESTION. TITLE 51 O.S. 24A.14 STATES:
 "EXCEPT FOR THE FACT THAT A COMMUNICATION HAS BEEN RECEIVED AND THAT IT IS OR IS NOT A COMPLAINT, A PUBLIC OFFICIAL MAY KEEP CONFIDENTIAL PERSONAL COMMUNICATIONS RECEIVED BY THE PUBLIC OFFICIAL FROM A PERSON EXERCISING RIGHTS SECURED BY THE CONSTITUTION OF THE STATE OF OKLAHOMA OR THE CONSTITUTION OF THE UNITED STATES. THE PUBLIC OFFICIAL'S WRITTEN RESPONSE TO THIS PERSONAL COMMUNICATION MAY BE KEPT CONFIDENTIAL ONLY TO THE EXTENT NECESSARY TO PROTECT THE IDENTITY OF THE PERSON EXERCISING THE RIGHT."
UNDER THIS STATUTE, THE SITUATION THAT YOU REFER TO IN YOUR LETTER IS ONE WHERE YOU COULD MAINTAIN THE CONFIDENTIALITY OF A COMPLAINT TENDERED BY A CITIZEN REGARDING A PROPOSED RELEASE ON PAROLE OF SOME INMATE FROM GENERAL PUBLIC DISCLOSURE, WITHIN THE STATUTE'S CONSTRAINTS. HOWEVER, IN THIS REGARD, THE ATTORNEY GENERAL HAS PERSONALLY ADVISED THE BOARD THAT IT IS HIS VERY STRONG PUBLIC POLICY FEELING THAT SUCH LETTERS SHOULD BE MADE PUBLIC, AND THAT MERELY BECAUSE THE ACT MIGHT GIVE A PUBLIC OFFICIAL THE DISCRETION TO MAINTAIN A DEGREE OF CONFIDENTIALITY IN SUCH INSTANCES, THAT SUCH FACT SHOULD NOT BE READ BY PUBLIC OFFICIALS AS INDICATING THAT THEY SHOULD CLOSE THE LETTERS TO PUBLIC REVIEW.
BY THE SAME TOKEN, MERELY BEING ABLE TO KEEP SUCH A CITIZEN'S LETTER FROM GENERAL PUBLIC DISCLOSURE IS ALSO NOT THE EQUIVALENT TO SAYING THAT THE INMATE IN QUESTION IS NOT ENTITLED TO THE LETTER. REQUIREMENTS OF DUE PROCESS PROBABLY MANDATE THAT ANY INFORMATION OR EVIDENCE USED IN CONSIDERING WHETHER A PARTICULAR PERSON IS ELIGIBLE FOR PAROLE BE MADE AVAILABLE TO SUCH A PERSON ON PROPER REQUEST, AND I AM UNAWARE OF ANY BAR TO THE INMATE RELEASING SUCH A LETTER.
IF YOU HAVE ANY QUESTIONS ABOUT THIS LETTER, PLEASE FEEL FREE TO CALL ME PERSONALLY AT YOUR CONVENIENCE.
(MICHAEL SCOTT FERN)